UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

JEFFREY FORD, 88-B-1910,

        Petitioner,

        -v-

CHARLES BRUNELLE, Superintendent,
Wende Correctional Facility, et al.,

        Respondents.

─────────────────────────────────

-PS-O-

**DECISION and ORDER**
98-CV-778S(F)

## INTRODUCTION

On December 4, 1998, Petitioner filed a Petition for Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction of Murder in the Second Degree that was entered in Monroe County Court on September 28, 1988. (Docket No. 1). On December 15, 1998, the Court (Hon. David G. Larimer) dismissed the Petition on the basis that it was untimely filed, *see* 28 U.S.C. § 2244(d)(1), and that Petitioner failed to identify any "extraordinary circumstances" that would allow the Court to equitably toll the period of limitations. (Docket No. 2). Petitioner's counsel filed a Notice of Appeal and on December 2, 2004, the Second Circuit Court of Appeals issued a Mandate vacating the Court's Decision and Order which dismissed the Petition and remanding the Petition so that the Court "can afford [Petitioner] the opportunity to present equitable tolling arguments." (Docket No. 5).

On April 1, 2005, the Court directed Petitioner to show cause why the Court should not dismiss the Petition as barred by the period of limitations and why the Court should equitably toll the period of limitations. (Docket No. 6). On May 2, 2005, Petitioner's

counsel filed an Affirmation submitting that the Court should equitably toll the period of limitations because he had misinterpreted the tolling provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended the federal habeas corpus statute and for the first time imposed a statute of limitations on the filing of habeas corpus petitions pursuant to 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2244(d)(1)-(2).  (Docket No. 8, Petitioner's Counsel's Affirmation, ¶¶ 10-11).  Respondent Charles Brunelle, although not appearing in this matter previously, filed an Affirmation and Memorandum of Law in opposition to the equitable tolling of the period of limitations.  (Docket No. 9).

## DISCUSSION

Because Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) before the effective date of AEDPA (April 23, 1996), Petitioner was provided a one-year grace period for filing a timely habeas corpus petition.  *Ross v. Artuz*, 150 F.3d 97, 102 (2d Cir. 1998) ("in light of Congress's selection of one year as the limitations period, we conclude that prisoners should have been accorded a period of one year after the effective date of AEDPA in which to file a first § 2254 petition or a first § 2255 motion").[1]  Rather than filing the Petition within the grace period, Petitioner's counsel filed a state court post-conviction motion pursuant to N.Y. CRIM.PROC.L., § 440.10 on April 18, 1997, which was only six days before the expiration of the grace period.  The filing of the § 440.10 motion tolled the grace period until February 4, 1998, when the New York State Supreme Court, Appellate Division, Fourth Department denied Petitioner's Application for Leave to

---

[1] Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on July 25, 1990, when the ninety-day period for applying to the United States Supreme Court for a writ of certiorari expired.  Petitioner did not file his habeas corpus Petition until December 4, 1998, more than eight years after his conviction became final and some nineteen months after the conclusion of the grace period on April 23, 1997.

Appeal from the denial of the § 440.10 motion.  *See* 28 U.S.C. § 2244(d)(2).  Following the cessation of the tolling period on February 4, 1998, Petitioner had only six days left under the grace period in which to file a timely Habeas Corpus Petition in this Court.  The Petition, however, was not filed until December 4, 1998, some 259 days after the grace period expired on February 10, 1998 (six days after the cessation of the tolling of the one-year grace period).

As noted, Petitioner's counsel admits that he made a mistake and erroneously believed that, pursuant to AEDPA, if he filed a state court post-conviction motion within the one year period of limitations, the period of limitations would be tolled until the motion was disposed of in state court and Petitioner would then have one year from that date to file a Petition in this Court.  As it turns out, the toll is just that, a toll; it does not operate to reset the statute of limitations and have the one year period run anew.  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed.2d 63 (2000) (the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run").

Petitioner's counsel, therefore, requests that the Court find that his mistaken interpretation of the tolling provision of AEDPA, 28 U.S.C. § 2244(d)(2), is an "extraordinary circumstance" thereby equitably tolling the statute of limitations and, in effect, excusing the lateness of the filing.  It is clear, however, that Petitioner's counsel's mistake is not a basis to equitably toll the statute of limitations.  *See Smaldone v. Senkowski* 273 F.3d 133 (2d Cir. 2001) ("attorney error inadequate to create the 'extraordinary' circumstances equitable

tolling requires.") (citations omitted); *see also Geraci*, 211 F.3d 6, 9 (2d Cir. 2000) (attorney's misunderstanding of the period for which a claim remained "pending" did not warrant equitable tolling); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) ("a lawyer's mistake is not a valid basis for equitable tolling"); *Sandvik v. United States*, 177 F.3d 1269, 1270 (11th Cir. 1999) ("mere attorney negligence ... is not a basis for equitable tolling").

Equitable tolling of AEDPA's period of limitations is only appropriate in "rare and exceptional circumstances." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). "To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Smaldone*, 273 F.3d at 138 (citations omitted). In *Smaldone*, the Second Circuit rejected the same argument made in the instant matter--that the petitioner's attorney's mistaken belief that the tolling period "reset" after each state court collateral attack was an "extraordinary circumstance" warranting equitable tolling of the period of limitations. *Id.* at 138. The instant case is no different. *See also Geraci*, 211 F.3d at 9 (a mistake by counsel as to the calculation of time remaining to file a petition did not amount

to "extraordinary or unusual circumstances that would justify equitable tolling fo the AEDPA's one-year limitation period.").[2]

Although the Second Circuit has recognized that, in some circumstances, an attorney's behavior may be so outrageous or "far enough outside the range of behavior that reasonably could be expected by a client" that it may be found to be "extraordinary," *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003), that is simply not the case here.

## CONCLUSION

Accordingly, this Court finds that Petitioner's counsel's admitted mistake regarding the application of AEDPA's tolling provisions is not the type of "extraordinary circumstance" that would allow this Court to equitably toll the period of limitations and the Petition is hereby dismissed as time-barred.

SO ORDERED.

Dated:    November 21, 2005
          Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

[2]Petitioner is not raising a claim of actual innocence as a basis for equitable tolling.  *See Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir.2004) (The Second Circuit has not yet decided whether the Constitution requires an actual innocence exception to the statute of limitations for filing § 2255 petitions, but has stated that it will only determine the issue when a petitioner has made a credible showing of actual innocence and said showing compels it to do so); *see also Garcia v. Portuondo*, 334 F.Supp.2d 446, 462 (S.D.N.Y.2004) (Lower courts have held that the statute of limitations should be equitably tolled when a petitioner makes out a credible claim of actual innocence).